Whitehead, J.
Bidleman, the ancestor of the defendants in this case, died in July, 1817, and it does not appear that any payment was made upon the bond by his representatives. The suit having been commenced by summons, returned to the September *277 term, 1834, more than sixteen years after his death, the question presented for our consideration is, whether the plaintiff’s remedy upon the bond, as against these defendants, is not barred by the statute of limitations.
By the 6th section of the act for the limitation of actions, Elm. Dig. 316, it is enacted that every action of debt upon any single or penal bill for the payment of money only, shall be commenced and sued within sixteen years next after the cause of such action shall have accrued, and not after; but if any payment shall have been made thereon within or after the said period of sixteen years, then an action instituted within sixteen years after such payment, shall be good and effectual in law, and not after. Under the construction given to this act by this court, 2 Halsted 113, and 3 Green 296, the letter addressed by Mr. Jones to the plaintiff even if it contained an express promise to pay the bond, would avail the plaintiff nothing by way of answer to the defence founded upon this statute.
As a general rule, a partial payment by one of two or more joint makers of a promissory note, is regarded as a payment by all, and takes the case out of the operation of the statute of limitations. Yet this doctrine has application only to a ease where the joint liability exists when the payment is made. Now the joint contract is determined by the death of one of the joint contractors. It thenceforth becomes the several contract of the parties, and as such, a partial payment by the survivor will not raise an implied promise, binding the representatives of the deceased joint contractor. This principle was settled by the cases of Atkins’ Executors v. Executors of Tredgold, 9 Eng. com. law rep. 12 and Slater’s Executors v. Lawson, 20 Eng. com. law rep. 409, A contrary doctrine would work great inconvenience to executors and administrators in administering the estates of testators and intestates. For if the representatives of a deceased joint contractor are to be held liable for the acts or acknowledgments of the survivors, they will not know when they can safely close their accounts, as they may, after a great length of time, be called upon for the payment of demands, and their liability fixed by the acts of the surviving contractor.
The cases referred to were upon promissory notes, but the *278 doctrine there settled applies as well to joint and several bonds for the payment of money. In this case the joint obligation ceased by the death of Mr. Bidleman. It then became the several obligation of the parties, and no payment made, or act done by Hardenbergh the surviving obligor, could bind the representatives of Bidleman, or operate to their prejudice.
As more than sixteen years elapsed from the death of Bidleman to the commencement of this suit, and as no payment was made upon the bond by his representatives after his death, they are, in my opinion, protected by the statute, and according to the agreement of the parties judgment must be entered for the defendants.
White, J.
The question in this case for the determination of the Court is, whether the plaintiff’s remedy by aétion of debt on this bond is not taken away by the statute of limitations; by the sixth section of which, it is enacted, that every action of debt on any single or penal bill, or on any obligation, with condition for the payment of money only, shall be commenced and sued within sixteen years next after the cause of action shall have accrued, and not after ; unless a payment shall have been made on such specialty, within or after the said period of sixteen'years, then an action instituted on such Specialty within sixteen years after such payment, shall be good and effectual in law, and not after.
This action was commenced in 1834, being more than sixteen years after the death of Geo. Bidleman; and no payments having been made by the representative of Bidleman, the plaintiff’s remedy must be barred by the statute, unless the payments made on the bond by Jacob R. Hardenbergh, after the death of his co-obligor, are sufficient to prevent the operation of the act of limitations on the bond, and to bring the case out of the statute, and keep the remedy alive against the heirs of Bidleman, and enable the plaintiff to institute a suit on the bond, notwithstanding no payment has been made by them since the death of their ancestor.
I think the letter of Jones one of the administrators of Bidleman, even if it contained a promise to pay the bond, would not *279 take the case out of the operation of the statute; it is evidently no payment, and cannot, I think, in any way affect any defence, which the heirs of Bidleman may have in law against this action.
The question then is, will the payments made by Jacob R. Hardenbergh, because they are on - the bond in part discharge thereof, enable the plaintiff to sustain this suit against the representatives of Bidleman.
The principle on which a payment by a joint debtor is allowed to affect the other party is, the community of interest between them, and the presumption that the party paying would not acknowledge that which was adverse to his own interest; therefore such payment, made by one after such community of interest and joint liability have ceased to continue, will not take the debt out of the statute as to any other party. During the life time of Bidleman the joint contract continued; but on the death of Bidleman, the joint liability was severed ; the bond became the several bond of Hardenbergh, and,the plaintiff’s remedy at law was against him as the survivor, and he pursued that remedy by his action and judgment against him in 1833.
It is true that by our statute of November 1797, Revised Laws 305, Elmer’s Digest 235, § 4, the representatives of one, jointly bound with another for the payment of money, and dying in the life time of the'latter, may be charged by virtue of the joint obligation, in the same manner as such representatives might have been charged if the obligors had been bound severally as well as jointly ; and if the plaintiff had brought his suit on this bond, against the representatives of George Bidleman, within sixteen years after any payment was made by J. R. Hardenbergh in the lifetime of Bidleman, such payment would have enabled him to sustain his suit; because the payment was made at a time, when they were joint debtors under an existing joint contract; but if the joint contract was severed by the death of Bidleman in 1817, then the payments by one not jointly bound will not be a payment by or for the representatives of the deceased obligor.
Where A. and B. made a joint and several note, and ten years after A’s death, B. paid interest on the note; in an action on the note against the executors of A., it was held that the payment by B. did not take the case out of the statute so as to render *280 them liable, for the joint contract had ceased to exist at the time when the payment was made, it having been determined by the death of A.; and the mere fact of the existence of a debt owing from the testator was not evidence of a promise to pay by the executors. We think, said Lord Tenterden in that case, that where a joint contract is severed by the death of one of the contractors, nothing'can be done by the personal representatives of the other to take the debt out of the statute as against the survivor. 2 Leigh, N. P., 1269.
In the case of Whitcomb v. Whiting it was decided, that when one of two joint promissors pays a part, that was to be considered in law as a payment by both; but in the case of the Executors of Atkins v. the Executors of John Tredgold, 2 B. and C. 23, Holroyd Justice said, that as the time when the payment was made by Robert Tredgold, who was a joint contractor with John, was after the death of John, the joint contract had ceased to exist, for it was determined by the death of John.
Our statute of limitations says, that an action on bonds, &c., shall be commenced and sued within sixteen years after the cause of action shall have accrued, and not after, unless a payment be made within the .sixteen years.
On the death of George Bidleman, an action accrued to the obligee against his representatives; and if it had been brought within sixteen years after any payment made on the bond in the lifetime of the deceased, though made by the co-obligor, the action might have been sustained, and the representatives of Bidleman could then have settled up their accounts; but the plaintiff has let the demand sleep for more than sixteen years after the death of George Bidleman without any payment by the representatives of the deceased obligor.
I think the payments made on the bond by Jacob R. Hardenbergh, after the death of his co-obligor, are not sufficient to prevent the operation of the statute in favor of the heirs of Bidleman ; and this suit, being brought after a lapse of more than sixteen years after his decease, cannot be maintained against them on the pleadings in this case. Under the agreement of the parties, judgment must be for the defendants.